IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALFRED GENE WILLSEA, | ) | 4:12CV3209 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SABATKA-RINE, CREWSHANK, and SHAW | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Alfred Gene Willsea filed his Complaint in this matter on October 4, 2012. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.    SUMMARY OF COMPLAINT

    Plaintiff named Warden Sabatka-Rine, Deputy Warden Crewshank, and Law Librarian Shaw as Defendants in this matter. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges Defendants are all employed at the Nebraska State Penitentiary. (*Id.* at CM/ECF p. 2.) Plaintiff was incarcerated at the Nebraska State Penitentiary when he filed his Complaint. (*Id.*) Plaintiff now resides at the Lincoln Community Corrections Center. (Filing No. 7.)

    Many of Plaintiff's allegations are illegible. The allegations the court can decipher state that Defendants denied Plaintiff access to the law library at the Nebraska State Penitentiary on 11 separate days in August and September of 2012. (Filing No. 1.) Plaintiff alleges Defendants' actions caused him "mental anguish [and] frustration." (*Id.* at CM/ECF p. 6.) As relief, Plaintiff asks that prison staff be

made to understand that they should not violate his constitutional rights, and that Plaintiff be awarded the "maximum amount" possible. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Claims for Monetary Relief

Plaintiff seeks monetary relief against Defendants. (Filing No. 1 at CM/ECF p. 7.) The Eleventh Amendment bars claims for damages by private parties against

2

a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.,* Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.,* Dover Elevator Co., 64 F.3d at 444; Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state-employee defendants acting in their official capacities.

In addition, where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g.,* Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official. *See* Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. Therefore, the appellants in this case will collectively be referred to as the City.") (internal citations omitted)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff does not specify the capacity in which Defendants are sued. Therefore, the court presumes Plaintiff has sued them in their official capacities only. As set forth above, Plaintiff may not sue state employees in their official capacities

3

for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. As such, Plaintiff's claims for monetary relief are dismissed.

### B. Claims for Injunctive Relief

As relief, Plaintiff asks that prison staff "be made to understand" that they should not violate his constitutional rights. (Filing No. 1 at CM/ECF p. 7.) The court liberally construes Plaintiff's request for relief to mean that he wants the court to order Defendants to allow him access to the law library at the Nebraska State Penitentiary. However, Plaintiff no longer resides at the Nebraska State Penitentiary. (*See* Plaintiff's Notice of Change of Address at Filing No. 7.)

"In general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) (quoting *Roubideaux v. N.D. Dep't. of Corr. & Rehab.*, 570 F.3d 966, 976 (8th Cir. 2009). A court properly dismisses a claim as moot "if it has lost its character as a present, live controversy of the kind that must exist if [the court is] to avoid advisory opinions on abstract questions of law." *Beaulieu*, 690 F.3d at 1024 (quotation omitted).

Here, Plaintiff no longer resides at the Nebraska State Penitentiary and there is no suggestion that he might be returned. Therefore, Plaintiff's claim for injunctive relief pertaining to the law library at the Nebraska State Penitentiary is moot. *See Roubideaux*, 570 F.3d at 976 ("All of the Female Inmates have been transferred out of the NDSP, the James River CC, and the Missouri River CC, and there is no suggestion that they might be returned. Their class certification is for injunctive relief, and any equal protection claim arising out of their previous housing in those other facilities is now moot."); *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir.

2009) ("[B]ecause Howrey is no longer incarcerated at the ISP and subject to the allegedly offending policy, his claims are moot."). Accordingly, Plaintiff's claims for injunctive relief are dismissed. Having dismissed Plaintiff's claims for monetary and injunctive relief, the court will dismiss this matter in its entirety.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of January, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.